UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Vena Paray,<br><br>                              Plaintiff,<br><br>            -v-<br><br>Intuit,<br><br>                              Defendant. | 2:24-cv-05117<br>(NJC) (JMW) |

### MEMORANDUM AND ORDER

NUSRAT J. CHOUDHURY, United States District Judge:

Before me is pro se Plaintiff Vena Paray's ("Paray") application to proceed in forma pauperis ("IFP") and Complaint, which were filed in the United States District Court for the Southern District of New York and transferred to my docket. (*See* Compl., ECF No. 1; IFP App., ECF No. 2; Transfer Order, ECF No. 5.) For the reasons that follow, I deny the application to proceed IFP without prejudice and with leave to renew upon filing the enclosed "Application to Proceed in District Court without Prepaying Fees or Costs (Long Form)" (AO 239) ("Long Form"). Alternatively, Paray may pay the $405.00 filing fee within fourteen (14) days in order for this case to proceed.

To qualify for IFP status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948) (quotation marks omitted). "The purpose of the statute permitting litigants to proceed IFP is to insure that indigent persons have equal access to the judicial system." *Davis v. NYC Dept. of Educ.*, 10-CV-3812, 2010 WL

3419671, at *1 (E.D.N.Y. August 27, 2010) (citing *Gregory v. NYC Health & Hosps. Corp.*, 07-CV-1531, 2007 WL 1199010, at *1 (E.D.N.Y. Apr. 17, 2007)). When a litigant's application fails to establish the level of poverty required under the IFP statute, such application is properly denied. *See*, *e.g.*, *Miller v. Smith*, No. 21-CV-2949(JS)(AKT), 2021 WL 2894973, at *2–3 (E.D.N.Y. June 2, 2021). The determination of whether an applicant qualifies for IFP status is within the discretion of the district court. *Davis*, 2010 WL 3419671 at *1 (citing *DiGianni v. Pearson Educ.*, 10-CV-0206, 2010 WL 1741373, at *1 (E.D.N.Y. Apr. 30, 2010)). The court may dismiss a case brought by a plaintiff requesting to proceed in forma pauperis if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). Further, "[i]n assessing an application to proceed in forma pauperis, a court may consider the resources that the applicant has or can get from those who ordinarily provide the applicant with the necessities of life, such as from a spouse, parent, adult sibling or other next friend." *Fridman v. City of New York,* 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) (quotation marks and citation omitted).

      Here, Paray's application does not provide sufficient information for me to reasonably conclude that Paray is unable to afford the filing fee. For example, Paray wrote "0" or "No" in response to almost every question on the application. (ECF No. 2, ¶¶ 4-8.) Rather than provide any financial information, Paray explains that "my mother pays for the house and bills." (*Id.* ¶ 3.) Thus, the present application does not include sufficient information for me to determine whether Paray is qualified for a fee waiver given that Paray's mother is reported to "ordinarily provide the applicant with the necessities of life." *Fridman*, 195 F. Supp. 2d at 537; *see also* ECF No. 2.

Accordingly, the IFP motion is denied without prejudice and with leave to renew on the Long Form. Alternatively, Paray may pay the $405.00 filing fee. Paray is cautioned that, once paid, there are no refunds of the filing fee regardless of the outcome of the case.[1] Paray shall either file the Long Form or remit the filing fee within two (2) weeks of the date of this Order or the Complaint will be dismissed without prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Order to Paray at the address of record and to record such mailing on the docket.

SO ORDERED.                                             /s/ Nusrat J. Choudhury
                                                                                                        NUSRAT J. CHOUDHURY
                                                                                                        United States District Judge

Dated:        Central Islip, New York
                July 29, 2024

---

[1] Plaintiff is encouraged to utilize the free resources available at the Hofstra Law Pro Se Clinic located in the Central Islip Courthouse which can provide free information, advice, and limited scope legal assistance to non-incarcerated *pro se* litigants. The Pro Se Clinic is not part of, nor affiliated with, the United States District Court. Consultations with the Pro Se Clinic may be scheduled by emailing them at PSLAP@Hofstra.edu or by leaving a message at (631) 297-2575. Given that Paray alleges that the federal claims asserted in the complaint have not been exhausted at the Equal Employment Opportunity Commission ("EEOC") (Compl. ECF 1 at ¶ V), this procedural prerequisite may require dismissal of such claims. *McCoy v. Goord*, 255 F. Supp. 2d 233, 251 (S.D.N.Y. 2003) (if nonexhaustion is clear on the face of the complaint, dismissal on that basis is appropriate) (additional citation omitted).