UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Vena Paray,<br><br>             Plaintiff,<br><br>       -v-<br><br>Intuit,<br><br>             Defendant. | 2:24-cv-05117<br>(NJC) (JMW) |

## MEMORANDUM AND ORDER

NUSRAT J. CHOUDHURY, United States District Judge:

Before the Court is Plaintiff Vena Paray's ("Paray") fourth application to proceed in forma pauperis ("IFP") ("Fourth IFP Motion"), filed in response to the Court's August 28, 2024 order denying Paray's second and third IFP motions. (*See* Fourth IFP Mot., ECF No. 13; ECF No. 12.) For the reasons that follow, the Fourth IFP Motion is denied and Paray shall pay the $405.00 filing fee within fourteen (14) days in order for this case to proceed.

To qualify for IFP status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948) (quotation marks omitted). "The purpose of the statute permitting litigants to proceed IFP is to insure that indigent persons have equal access to the judicial system." *Davis v. NYC Dept. of Educ.*, No. 10-cv-3812, 2010 WL 3419671, at *1 (E.D.N.Y. August 27, 2010) (citing *Gregory v. NYC Health & Hosps. Corp.*, No. 07-cv-1531, 2007 WL 1199010, at *1 (E.D.N.Y. Apr. 17, 2007)). When a litigant's application fails to establish the level of poverty required under the IFP statute, such application

is properly denied. *See*, *e.g.*, *Miller v. Smith*, No. 21-cv-2949, 2021 WL 2894973, at *2 (E.D.N.Y. June 2, 2021). The determination of whether an applicant qualifies for IFP status is within the discretion of the district court. *Davis*, 2010 WL 3419671 at *1 (citing *DiGianni v. Pearson Educ.*, No. 10-cv-0206, 2010 WL 1741373, at *1 (E.D.N.Y. Apr. 30, 2010)). The court may dismiss a case brought by a plaintiff requesting to proceed in forma pauperis if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). Further, "[i]n assessing an application to proceed in forma pauperis, a court may consider the resources that the applicant has or can get from those who ordinarily provide the applicant with the necessities of life, such as from a spouse, parent, adult sibling or other next friend." *Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) (quotation marks and citation omitted).

Here, Paray's Fourth IFP Motion reports no income during the past twelve months and includes no responses in any of the spaces that ask how much money Paray and any spouse have in cash, in an account, or as assets. (ECF No. 13, ¶¶ 1, 4–5.) Paray also wrote "0" in response to every expense listed on the form including for housing, food, utilities, transportation, mental and dental expenses, etc. (*Id.*, ¶ 8.) This is particularly relevant because Paray has provided the court inconsistent information about financial support from her parents. (*See* ECF No. 12 at 2–3.) The Court's order permitting Paray to renew the IFP motion required "Paray [to] include the financial information for her parents in the spaces on the Long Form Application marked 'Spouse'" and warned that "Paray must include the financial information of those persons who provide financial support." (*Id.* at 3.) In contradiction to her prior representations to this Court, Paray now reports that she has "not received any income from my parents." (*Compare* ECF No. 13 at 1 *with* ECF No. 2, ¶ 3 ("My mother pays for the house and bills.") *and* ECF No. 10, ¶ 8 ("live

2

w/parent").) Nor has Paray provided the requested financial information (or any financial information) despite being afforded several opportunities to do so. (*See* ECF Nos. 8, 12.) Accordingly, Paray has not demonstrated qualification for a waiver of the filing fee and the Fourth IFP Motion is thus denied.

**Paray is directed to pay the $405.00 filing fee within fourteen (14) days in order for her case to proceed. To be clear, absent a showing of good cause, the complaint shall be dismissed without prejudice and judgment shall enter absent Paray's timely payment of the filing fee.** Paray is cautioned that, once paid, there are no refunds of the filing fee regardless of the outcome of the case. The Court also advises Paray that, "given her allegation that the federal claims asserted in the complaint have not been exhausted at the Equal Employment Opportunity Commission ("EEOC") (Compl. ECF 1 at ¶ V), this procedural prerequisite may require dismissal of such claims. *See Williams v. Correction Officer Priatno*, 829 F.3d 118, 122 (2d Cir. 2016) ("a district court still may dismiss a complaint for failure to exhaust administrative remedies if it is clear on the face of the complaint that the plaintiff did not satisfy the PLRA exhaustion requirement."); ECF No. 8 at 3 n.1; ECF No. 12 at 3 n.1.

Accordingly, Paray is again "encouraged to utilize the free resources available at the Hofstra Law Pro Se Clinic located in the Central Islip Courthouse which can provide free information, advice, and limited scope legal assistance to non-incarcerated *pro se* litigants. The Court notes that the Pro Se Clinic is not part of, nor affiliated with, the United States District Court. Consultations with the Pro Se Clinic may be scheduled by emailing them at [PSLAP@Hofstra.edu](PSLAP@Hofstra.edu) or by leaving a message at (631) 297-2575." (ECF No. 8 at 3 n.1; ECF No. 12 at 3 n.1.)

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Order to Paray at the address of record and to record such mailing on the docket.

SO ORDERED.                                         */s/ Nusrat J. Choudhury*
                                                            NUSRAT J. CHOUDHURY
                                                            United States District Judge

Dated:       Central Islip, New York
               September 16, 2024