UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Vena Paray,<br><br>                    Plaintiff,<br><br>          -v-<br><br>Intuit,<br><br>                    Defendant. | 24-cv-5117<br>(NJC) (JMW)<br><br>**ORDER** |

NUSRAT J. CHOUDHURY, United States District Judge:

For the reasons that follow, the Court dismisses Plaintiff Vena Paray's ("Paray"), Complaint without prejudice in light of Paray's failure to remit the filing fee.

On July 2, 2024, Paray, acting *pro se*, filed the Complaint against Defendant Intuit ("Intuit"), bringing employment discrimination claims under the Americans with Disabilities Act, 42 U.S.C. §§ 12101–12213, the New York State Human Rights Law, N.Y. Exec. Law §§ 290–297, and the New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101–131. (Compl. at 1, ECF No. 1.) In total, Paray filed four motions for leave to proceed *in forma pauperis* ("IFP") in connection with this action, all of which the Court denied.[1]

Concerning Paray's first IFP motion, the Court held that Paray's application "does not provide sufficient information for [the Court] to reasonably conclude that Paray is unable to

---

[1] Paray filed her first IFP motion on July 2, 2024 (IFP Mot., ECF No. 2), which the Court denied with leave to renew on July 29, 2024 (Order Denying IFP Mot., ECF No. 8). Paray then filed a renewed IFP motion (Renewed IFP Mot., ECF No. 10) on August 15, 2024, and a second renewed IFP motion (Second Renewed IFP Mot., ECF No. 11) on August 20, 2024, both of which the Court denied with leave to renew on August 28, 2024 (Order Denying Renewed and Second Renewed IFP Mots., ECF No. 12). Paray filed her third renewed IFP motion on September 4, 2024 (Third Renewed IFP Mot., ECF No. 13), which the Court denied without leave to renew on September 16, 2024 (Order Denying Third Renewed IFP Mot., ECF No. 15).

afford the filing fee." (Order Denying IFP Mot. at 2.) In particular, the Court noted that, rather than provide any financial information, Paray stated that her "mother pays for the house and bills." (*Id.* (citing IFP Mot. ¶ 3).) Thus, the Court lacked sufficient information to determine "whether Paray is qualified for a fee waiver given that Paray's mother is reported to 'ordinarily provide the applicant with the necessities of life.'" (*Id.* (citing *Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002)).) The Court granted Paray leave to renew her motion upon filing the "Application to Proceed in District Court without Prepaying Fees or Costs (Long Form)" (AO 239) ("Long Form"). (*Id.* at 1.)

Concerning Paray's renewed and second renewed IFP motions, the Court noted that these renewed applications "provide inconsistent information and raise more questions than they answer." (Order Denying Renewed and Second Renewed IFP Mots. at 2.) For example, in her renewed motion, Paray reported that she lives with her parents and reports regular monthly expenses of $800, but in her second renewed motion, Paray omitted that she lives with her parents and indicated that she has no monthly expenses. (*Id.* at 2–3; Renewed IFP Mot. ¶ 8; Second Renewed IFP Mot. ¶ 8.) Thus, the Court again concluded that it lacked sufficient information to determine whether Paray qualified for a fee waiver. (*Id.*) The Court again granted Paray leave to file a renewed motion via the Long Form. (*Id.* at 3–4.) The Court specifically instructed Paray that any renewed motion "shall include the financial information for her parents in the spaces on the Long Form Application marked 'Spouse'" and that Paray "must include the financial information of those persons who provide her financial support." (*Id.* at 3.)

Concerning Paray's third renewed IFP motion, the Court noted that, in contradiction to her prior motions, Paray's third renewed IFP motion reported that she has "not received any income from [her] parents." (Order Denying Third Renewed IFP Mot. at 2 (citing Third Renewed IFP Mot. at 3).) The Court further noted that the third renewed IFP motion still did not

include the requested financial information (or any financial information, for that matter). (*Id.* at 3.) The Court denied Paray's third renewed IFP motion with prejudice and ordered Paray to pay the required $405.00 filing fee within fourteen days (*i.e.*, by September 30, 2024) in order for the case to proceed. (*Id.*)

On September 20, 2024, Paray timely filed a motion for extension of time to pay the filing fee. (Mot. for Extension, ECF No. 16.) On September 24, 2024, the Court granted Paray's motion and directed Paray to pay the filing fee no later than October 14, 2024. (Elec. Order, Sept. 24, 2024.) In granting the extension, the Court informed Paray that "[t]here shall be no further extensions of this deadline; if Plaintiff fails to timely pay the filing fee, the complaint shall be dismissed without prejudice and judgment shall enter." (*Id.*)

This October 14, 2024 deadline has now expired and Paray has not paid the filing fee. Accordingly, consistent with the Court's September 24, 2024 Order, the Court dismisses Paray's Complaint without prejudice in light of Paray's failure to remit the filing fee.

The Court notes that, while Paray has not paid the filing fee, on September 30, 2024, Paray submitted a letter to the Court for assistance. (Paray Ltr., ECF No. 17.) The letter states:

> Please help me pay for the filing fee. I apologize my last letter was not concise. I have no household income. I went to three interviews this summer and I cannot get hired with my degree. Every employer says I should be working for intuit. I cannot get to a job I don't have a car or any means of transportation. Every employer is too far from the train and I don't have money to get anywhere. I really need a 3million dollar settlement from intuit. I was underpaid and than discriminated against. I'm supposed to be working there until I'm over 55. This is how Im supposed to make my income. I can only make income as a pro se lawyer. There are too many applicants for every job I apply to. This is why I have a specific degree for intuit. My other cases won't be settled until past the deadline for this payment. Please help me with the fee I was in the hospital for a disability. My license is expired.

(*Id.*)[2]

Paray's letter does not change the Court's conclusion that Paray has not shown that she qualifies for IFP status in this case. First, in denying Paray's third renewed IFP motion, the Court did not grant Paray leave to file another IFP motion. Second, Paray's letter does not comply with the required Long Form application. Third, even if the Court were to construe the letter as a valid IFP motion, the letter does not address the deficiencies and inconsistencies identified in Paray's four prior IFP motions. For example, the letter does not provide any information regarding Paray's parents' income.

Paray is again encouraged to utilize the free resources available at the Hofstra Law Pro Se Clinic located in the Alfonse D'Amato Federal Courthouse in Central Islip, which can provide free information, advice, and limited scope legal assistance to non-incarcerated *pro se* litigants. The Court notes that the Pro Se Clinic is not part of, nor affiliated with, the United States District Court. Consultations with the Pro Se Clinic may be scheduled by emailing them at [PSLAP@Hofstra.edu](mailto:PSLAP@Hofstra.edu) or by leaving a message at (631) 297-2575.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

---

[2] The contents of Paray's letter are reproduced here exactly as they appear in the original without noting or correcting any errors in spelling, punctuation, or grammar.

      The Clerk of Court is respectfully directed to mail a copy of this Order to Paray at the address of record and to record such mailing on the docket.

Dated: Central Islip, New York
       November 8, 2024

                                               */s Nusrat J. Choudhury*
                                               NUSRAT J. CHOUDHURY
                                               United States District Judge